IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MANUEL A. CHICO, #M15443, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-00053-MJR |
| ) | |
| DONALD GAETZ, ) | |
| ROBERT J. BRADLEY, J. FALLERT, ) | |
| WEDY HOLTON, GREG SCHWARTZ, ) | |
| MAJOR MOCABY, MARK A. BURTON, ) | |
| and STEPHEN A. JOHNSON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Manuel Chico, who is currently incarcerated at Centralia Correctional Center ("Centralia"), brings this action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff claims that on July 15, 2013, he was subjected to an assault, inadequate medical care, and unconstitutional conditions of confinement at Centralia (Doc. 1, p. 6). He now sues nine prison officials for violating his constitutional rights (Doc. 1, pp. 1-3, 7). As explained in greater detail below, Plaintiff's complaint violates the pleading requirements of the Federal Rules of Civil Procedure. As such, Plaintiff's complaint shall be dismissed without prejudice and with leave to amend.

**The Complaint**

Plaintiff filed a thirty page complaint (Doc. 1). His "statement of claim" spans only one page (Doc. 1, p. 6). There, Plaintiff alleges, rather vaguely, that "[his] constitutional rights have been violated because the prison officials at Centralia C.C. and I.D.O.C. knowingly and unreasonably failed to act to protect [him] despite knowledge of assault" (Doc. 1, p. 6).

1

Plaintiff goes on to allege that the prison "condones . . . violence by ignoring the enforcement of rules and regulations" (Doc. 1, p. 6). No other allegations address this claim.

The statement of claim goes on to allege that prison officials violated Plaintiff's constitutional rights by placing him in an "unhealthy and medically risky situation" (Doc. 1, p. 6). It also mentions "overcrowding." However, no additional allegations support these claims.

Along with the complaint, Plaintiff filed nearly two dozen pages of grievances, prison rules, disciplinary reports, medical records, and counseling reports (Doc. 1, pp. 8-30). However, the allegations in the complaint make no reference to these exhibits. Although the exhibits appear to relate to Plaintiff's claims, the complaint provides no explanation of them.

The most peculiar aspect of the complaint is Plaintiff's request for relief. He seeks nothing more than "a habeas corpus form from the clerk's office pursuant to 28 U.S.C. §§ 2241, 2254, or 2255" (Doc. 1, p. 7). His reason for this request is "so [that he] can state exactly what [he] want[s] this court to do for [him]" (Doc. 1, p. 7).

**Legal Standard**

Rule 8 of the Federal Rules of Civil Procedure dictates that a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" and also "a demand for the relief sought." FED. R. APP. P. 8(a). Additionally, Rule 8(d) requires that each allegation within the complaint "must be simple, concise, and direct." FED. R. APP. P. 8(d)(1). The allegations in the complaint must "actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original). At the same

2

time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**Discussion**

Even affording Plaintiff's complaint the liberal construction that a *pro se* pleading deserves, it is in clear violation of the pleading requirements. The allegations simply do not suggest that Plaintiff has any right to relief. *See Tamayo,* 526 F.3d at 1084. "Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). Therefore, in order to state a claim for relief, Plaintiff must set forth sufficient allegations to suggest that Defendants deprived him of his constitutional rights.

The allegations of assault are woefully inadequate to state a failure to protect claim under the Eighth Amendment. The United States Supreme Court has held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a failure to protect claim, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Pinkston*, 440 F.3d at 889. In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action. *See Sanville*

3

*v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001). However, conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)). Plaintiff's complaint does not indicate who was assaulted, who perpetrated the assault, what injuries resulted, whether Plaintiff sought help from Defendants, and/or their response. As such, the complaint fails to suggest any right to relief for this alleged constitutional deprivation.

Plaintiff's medical needs claim is equally inadequate. Relevant to this claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard." *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000). In the statement of claim, Plaintiff does not identify any medical condition or allege that it was serious. He also fails to indicate which defendants exhibited deliberate indifference to the condition and how. Under the circumstances, the complaint is in clear violation of Rule 8.

Finally, the overcrowding claim is so vague that the Court cannot determine whether Plaintiff intends to bring any claim at all. Not all prison conditions trigger Eighth Amendment scrutiny—only deprivations of basic human needs like food, medical care, sanitation and physical safety. *Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). It is unclear whether the alleged overcrowding at Centralia resulted in the deprivation of a basic human need, such as those

described above. Plaintiff's allegations of "overcrowding" therefore fall far short of raising his Eighth Amendment conditions of confinement claim above a speculative level.

Along with the complaint, plaintiff filed numerous exhibits. The Court has no doubt that the exhibits offer support for these claims. However, the Court is not obligated to sift through them and piece together a claim on Plaintiff's behalf. Plaintiff, in his complaint, must describe specific acts by each defendant that violated his constitutional rights.

In addition to those defects addressed above, Plaintiff has failed to request any relief that might be available under 42 U.S.C. § 1983. He has asked for nothing more than a few forms necessary to file a petition for writ of habeas corpus. Although the Clerk sent him these forms on January 16, 2014, it is unclear whether this obviates the need for the present lawsuit.

Because Plaintiff's complaint is too vague for the Court or Defendants to address, it shall be dismissed without prejudice. *Lindell v. McCallum*, 352 F.3d 1107, 1110 (7th Cir. 2003) ("If a complaint's length and lack of clarity make it unintelligible, dismissal under FED. R. APP. P. 8(a) is permitted. . . ."); *Flayter v. Wisconsin Dep't of Corr.*, 16 F. App'x 507, 509 (7th Cir. 2001) ("A prolix and confusing complaint should be dismissed because it makes it difficult for the defendant to file a responsive pleading and for the court to conduct orderly litigation."); *Vicom, Inc. v. Harbridge Merch. Serv., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994).

However, Plaintiff shall be granted leave to file an amended complaint. When filing his amended complaint, Plaintiff should refrain from filing unnecessary exhibits. He should be careful to include sufficient facts to demonstrate that each defendant violated his constitutional rights. As the events giving rise to this action occurred on July 15, 2013, it does not appear that Plaintiff faces an impending statute of limitations deadline. Therefore, he should not be prejudiced by the dismissal of these claims.

**Pending Motions**

Plaintiff has filed a motion for leave to proceed *in forma pauperis* (Doc. 2), which shall be addressed in a separate order.

Plaintiff has also filed a motion for service of process at government expense (Doc. 3), which shall be held in **ABEYANCE** pending the receipt of his amended complaint.

Finally, Plaintiff has filed a motion for recruitment of counsel (Doc. 4), which shall be held in **ABEYANCE** pending the receipt of his amended complaint.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's complaint (Doc. 1) is **DISMISSED without prejudice** for non-compliance with Rule 8(a) of the Federal Rules of Civil Procedure. Plaintiff is **GRANTED** leave to file his amended complaint **on or before March 20, 2013.** Should Plaintiff fail to file an amended complaint within the allotted time, dismissal will become with prejudice. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

Should Plaintiff decide to file an amended complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. The amended complaint shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that Defendant. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated will be severed into new cases, new case numbers will be assigned,

and additional filing fees will be assessed. To enable Plaintiff to comply with this order, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is **ADVISED** that this dismissal shall not count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00[1] remains due and payable, regardless of whether Plaintiff elects to file an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. APP. P. 41(b).

**IT IS SO ORDERED.**

DATED: February 11, 2014

s/ MICHAEL J. REAGAN
**U.S. District Judge**

---

[1] Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) will be addressed in a separate Order of this Court. Should the motion be denied, the filing fee will be $400.00 instead of $350.00.