IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MANUEL A. CHICO, #M15445,       ) | |
| ) | |
| Plaintiff,       ) | |
| ) | |
| vs.       ) | Case No. 14-cv-00053-MJR |
| ) | |
| S.A. GODINEZ, DONALD GAETZ,       ) | |
| ROBERT J. BRADLEY, J. FALLERT,       ) | |
| T. MURRAY, LISA KREBS,       ) | |
| WENDY HOLTON, GREG SCHWARTZ,       ) | |
| MAJOR MOCABY, MARK A. BURTON,       ) | |
| STEPHEN A. JOHNSON, and       ) | |
| UNKNOWN DEFENDANT,       ) | |
| ) | |
| Defendants.       ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter comes before the Court for consideration of Plaintiff Manuel Chico's second amended complaint (Doc. 16). The Court dismissed Plaintiff's original complaint (Doc. 1) on February 13, 2014 (Doc. 8), after determining that it violated the pleading requirements set forth in Federal Rule of Civil Procedure 8. However, the dismissal was without prejudice, and Plaintiff was granted leave to file an amended complaint by March 20, 2014 (Doc. 8, p. 6). Plaintiff filed his first amended complaint (Doc. 11) and a motion for leave to file a second amended complaint (Doc. 15) before the deadline.[1] Plaintiff's motion (Doc. 15) is timely and is hereby **GRANTED**. The Clerk shall file the proposed pleading as Plaintiff's "Second Amended Complaint."

---

[1] Plaintiff also commenced a separate action by filing a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus on February 20, 2014 (Doc. 1), followed by an Amended Petition in the same action on March 14, 2014 (Doc. 5). *See Chico v. Godinez*, No. 14-cv-249-DRH (S.D. Ill., filed Feb. 20, 2014). The same general facts gave rise to both actions. The habeas matter has since been dismissed (Doc. 6).

1

The second amended complaint is now ripe for preliminary review under 28 U.S.C. § 1915A(a). Plaintiff sues twelve prison officials pursuant to 42 U.S.C. § 1983. He claims that Defendants,[2] who are all employees of the Illinois Department of Corrections ("IDOC") and/or Centralia Correctional Center ("Centralia"), failed to protect him from an inmate attack in July 2013 and then subjected him to unconstitutional conditions of confinement in segregation that placed his health at risk. Plaintiff sues Defendants for numerous Eighth and Fourteenth Amendment violations. He seeks monetary damages and release from prison[3] (p. 18).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that

---

[2] These defendants include S. A. Godinez (IDOC Director), Donald Gaetz (IDOC Regional Director), Robert Bradley (Centralia's Chief Administrative Officer), J. Fallert (grievance officer), Wendy Holton (internal affairs investigator), Greg Schwartz (shift supervisor), Major Mocaby (reviewing officer), Stephen Johnson (adjustment committee chairperson), Mark Burton (adjustment committee member), Unknown Defendant (adjustment committee member), T. Murray (grievance officer), and Lisa Krebs (healthcare unit administrator).

[3] The Court has no authority to release an inmate from prison in actions filed under 42 U.S.C. § 1983.

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Second Amended Complaint

According to the second amended complaint, all of the events giving rise to this action took place at Centralia in 2013. On July 12th, an inmate allegedly entered Plaintiff's cell and punched him in the head (p. 8). Plaintiff sustained a bloody nose and blunt force trauma to his head.

The same day, Plaintiff reported the assault to prison officials in his housing unit (p. 9). A confidential source who witnessed the assault reported it two days later on July 14th. The perpetrator even admitted hitting Plaintiff in the nose and head. Despite these reports, nothing was done to punish the perpetrator. Defendants Godinez, Gaetz, Bradley, Fallert, Holton, Schwartz, Mocaby, Johnson, and Burton allegedly "responded by ignoring and condoning the physical assault" (p. 8). Instead, Plaintiff was handcuffed and taken to Centralia's health care unit for treatment of his injuries. He was then placed in segregation, pending an investigation of the incident.

At an adjustment committee hearing on July 17th, Plaintiff described the events surrounding his assault (p. 10). Defendant Johnson, Defendant Burton, and Unknown Defendant, who presided over the hearing, refused Plaintiff's request to present a written statement, to submit other supporting documentation, or to call witnesses. In doing so, these defendants allegedly "flagrantly ignored and condoned the assault," in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments (p. 10).

Plaintiff blames Defendants Godinez, Gaetz, and Bradley for failing to prevent the assault in the first place. These defendants allegedly took no steps to enact policies aimed at curbing inmate violence (p. 9). In addition, they failed to implement a policy for reporting physical assaults. Their failure to espouse policies aimed at protecting inmates from physical assault allegedly violated the Eighth Amendment.

Plaintiff also blames Defendants Godinez, Gaetz, and Bradley for conditions he encountered in segregation. These defendants condoned the placement of two inmates in a cell meant for single occupancy ("double celling") (p. 15). The practice allegedly placed inmates, including Plaintiff, at risk of serious physical and emotional harm (pp. 15-16).

Plaintiff claims that he suffered harm as a result of double celling. On July 26th, Defendant Bradley placed an inmate in Plaintiff's cell who was suffering from scabies (p. 11). Scabies is contagious, and Plaintiff is allergic to an ingredient in the ointment his cellmate used to treat the condition (i.e., lanolin). Although his cellmate was removed from the cell the following day, Plaintiff was not spared the consequences of this cell assignment.

On July 27th, Defendant Bradley transferred another inmate into Plaintiff's cell (p. 12). The inmate required a colostomy bag, which allegedly smelled and placed Plaintiff's

health at risk.  In addition, the inmate had a low bunk permit.  Plaintiff was forced to sleep in the top bunk that was previously occupied by the cellmate with scabies.

On July 31st, Plaintiff noticed "a reaction on [his] leg" (p. 12).  He put in a sick call request for what he thought was scabies on August 1st.  Defendant Krebs responded by visiting his cell on August 3rd.  Without examining him, Defendant Krebs disagreed with Plaintiff's assessment.  She provided Plaintiff with an antifungal cream.

Plaintiff reported itchiness to a correctional officer on August 5th (p. 13).  The correctional officer agreed to bring Plaintiff a different ointment.  A day later, hydrocortisone cream arrived.  Plaintiff was charged for the ointment.  Defendants Murray and Bradley denied his request for reimbursement.  Plaintiff now believes that the "reaction" resulted from his allergy to the lanolin in his cellmate's ointment.

Based on the foregoing events, Plaintiff sues Defendants for failing to protect him from an inmate assault, subjecting him to unconstitutional conditions of confinement, and placing his health at risk, all in violation of the Eighth Amendment.  He sues Defendant Burton, Defendant Johnson, and Unknown Defendant for denying him due process of law at the adjustment committee hearing, in violation of his Fourteenth Amendment rights.  In addition, Plaintiff claims that Defendants Murray and Bradley should have reimbursed him for the hydrocortisone cream that was charged to his account.  Plaintiff seeks monetary damages and immediate release from prison.

## Discussion

After carefully considering the allegations, the Court finds it convenient to divide the complaint into five counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

5

| | |
|---|---|
| **Count 1:** | Eighth Amendment claim for failure to protect Plaintiff from an inmate attack. |
| **Count 2:** | Eighth Amendment claim for unconstitutional conditions of confinement. |
| **Count 3:** | Eighth Amendment deliberate indifference to serious medical needs claim. |
| **Count 4:** | Fourteenth Amendment due process claim arising from the adjustment committee hearing. |
| **Count 5:** | Claim for unlawful medical charge. |

**Count 1 - Failure to Protect**

After carefully considering the allegations, the Court finds that the second amended complaint states a colorable Eighth Amendment failure to protect claim (**Count 1**) against Defendants Godinez, Gaetz, and Bradley. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008). Even so, "[s]upervisory liability will be found . . . if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 477 (7th Cir. 1997); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). *See also Doyle v. Camelot Care Centers, Inc.,* 305 F.3d 603, 615 (7th Cir. 2002) (allegations that an agency's senior officials were personally responsible for creating the policies, practices and customs that caused the constitutional deprivations suffice to demonstrate personal involvement).

In the instant case, Plaintiff alleges that Defendants Godinez, Gaetz, and Bradley, i.e., all high level officials, failed to espouse or implement policies aimed at curbing and/or reporting physical assaults. Because of this, physical assaults routinely occurred at Centralia. This omission allegedly caused Plaintiff's assault and amounted to a failure to protect him in violation of the Eighth Amendment. On this basis, Plaintiff shall be allowed to proceed with Count 1 against Defendants Godinez, Gaetz, and Bradley.

Because the Court cannot definitively rule out a claim against Defendant Holton, Plaintiff shall be allowed to proceed with Count 1 against this defendant as well. Defendant Holton allegedly investigated the incident, for which the perpetrator received no punishment after admitting he attacked Plaintiff. The complaint at least suggests that this failure to punish the perpetrator exposed Plaintiff to another possible assault. Although the Court takes no position regarding the outcome of this claim, Plaintiff shall be allowed to proceed with Count 1 against Defendant Holton at this early stage.

Count 1 fails against all remaining defendants. The second amended complaint does not implicate Defendant Murray, Defendant Krebs, or the Unknown Defendant in the assault at all. Therefore, Plaintiff has not demonstrated the requisite personal participation in a constitutional violation arising from the inmate assault. In addition, Plaintiff alleges that Defendants Fallert, Schwartz, Mocaby, Johnson, and Burton, among others, "responded by ignoring and condoning the physical assault" (p. 8). As to these defendants, no additional allegations are offered in support of this blanket assertion—such as steps Plaintiff took to put these defendants on notice of the attack (before or after) or each defendant's response to Plaintiff. Without more, the Court cannot assess the contours of this claim against the defendants.

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834.

In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.; Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that the inmate would attack Plaintiff, yet failed to take any action. *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001). Conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

The second amended complaint does not suggest that any remaining defendants were aware of a specific, impending threat to Plaintiff's safety *prior to* his assault or that any of them failed to take steps to ensure Plaintiff's safety *before* or *after* the assault. By all indications, the assault seemed to surprise even the Plaintiff. Further, after learning of the assault, several unidentified officers took Plaintiff in for treatment of his injuries before placing him in a different cell. They did not return him to the same cell where he was attacked. No allegation suggests that Plaintiff faces an impending transfer back to the cell. And while Plaintiff clearly expresses concern about his perpetrator's lack of punishment, he expresses no concern

about a future attack by the perpetrator or anyone else. There is simply no suggestion that the remaining defendants knew Plaintiff "faced a heightened risk of harm from a 'particular vulnerability' and exposed him to that risk anyway." *See Wright v. Miller, et al.*, --- Fed. App'x. ---, 2014 WL 1410447, *3 (7th Cir. 2014) (citing *Brown v. Budz*, 398 F.3d 904, 915 (7th Cir. 2005)). By all indications, Plaintiff was moved to a safe location that was outside the reach of his perpetrator.

Based on the foregoing discussion, Plaintiff shall be allowed to proceed with **Count 1** against Defendants Godinez, Gaetz, Bradley, and Holton. The claim shall be dismissed against all other defendants.

### Count 2 – Conditions of Confinement

Plaintiff's Eighth Amendment claim for unconstitutional conditions of confinement (**Count 2**) arises from: (1) his exposure to violent inmates; (2) the double occupancy of single cells; and (3) his exposure to sick and/or contagious cellmates. Relevant to this claim, the Eighth Amendment prohibits cruel and unusual punishment and is applicable to the states through the Fourteenth Amendment. It has been a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994).

In cases challenging the conditions of confinement in prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishment clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. at 834. The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

1. **Excessive Risk of Inmate Attack**

As set forth above, the Court finds that the second amended complaint states a claim against Defendants Godinez, Gaetz, and Bradley, based on Plaintiff's exposure to an excessive risk of inmate attack arising from a lack of policies addressing this threat of harm. Whether framed as a failure to protect claim or conditions of confinement claim, Plaintiff shall be allowed to proceed on this Eighth Amendment claim against Defendant Godinez, Gaetz, and Bradley. He shall also be allowed to proceed with his Eighth Amendment claim against Defendant Holton. Plaintiff is, of course, limited to one recovery on these claims. This claim shall be dismissed against all other defendants for the reasons set forth above.

2. **Cell Overcrowding**

Plaintiff's cell overcrowding argument does not support a claim for unconstitutional conditions of confinement. The defining Supreme Court case addressing issues of overcrowding is *Rhodes v. Chapman*, 452 U.S. 337 (1981). In that case, the plaintiffs contended that double celling constituted cruel and unusual punishment. The Supreme Court disagreed, concluding that "[a]t most . . . double celling inflicts pain," *id.* at 348-49, but not the "unnecessary and wanton infliction of pain" that violates the Eighth Amendment. *Id.* at 346. The Court found that the Constitution "does not mandate comfortable prisons," *id.* at 349, and only those deprivations denying "the minimal civilized measure of life's necessities," *id.* at 347, are sufficiently grave to form the basis of an Eighth Amendment violation. In reaching this conclusion, the Court stated,

> Conditions must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment . . . . But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.

10

*Id.* at 347.  *See also Wilson v. Seiter*, 501 U.S. 294 (1991).  Accordingly, Plaintiff's overcrowding claim, based on double celling, fails and shall be dismissed.

3.  **Exposure to Sick or Contagious Cellmates**

To the extent that Plaintiff's claim for unconstitutional conditions of confinement hinges on his brief exposure to a cellmate with scabies and/or a colostomy bag, it meets with the same fate as the overcrowding claim.  Plaintiff claims that he was required to share a cell with an inmate who was allegedly contagious and used an ointment that may have triggered an allergic reaction in Plaintiff.  Even if the Court assumes without deciding that this condition falls below "the minimal civilized measure of life's necessities" by creating an excessive risk to Plaintiff's health or safety, the Court does not find any subjective intent on the part of Defendants to expose Plaintiff to such conditions.  *Farmer v. Brennan*, 511 U.S. at 834.  In fact, Defendant Bradley was the only named defendant who was responsible for transferring inmates in and out of Plaintiff's cell; no allegation suggests that he knew about the cellmate's scabies or Plaintiff's "reaction" to lanolin.  Further, the cellmate was transferred after a single day.  Defendant Krebs later encountered Plaintiff when she treated his "reaction," but no allegation suggests that his exposure to the cellmate continued at that time.  As pleaded, the Court does not find sufficient grounds in the second amended complaint to support an Eighth Amendment conditions of confinement claim against any defendant based on Plaintiff's exposure to sick cellmates.  Accordingly, this claim shall be dismissed.

In summary, Plaintiff shall be allowed to proceed with **Count 2** against Defendants Godinez, Gaetz, Bradley, and Holton.  Count 2 shall be dismissed against all remaining defendants.

11

**Count 3 – Deliberate Indifference to Medical Needs**

The second amended complaint states no viable Eighth Amendment medical needs claim (**Count 3**) against Defendants. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. at 837; *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). In this context, the plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The second amended complaint sets forth insufficient allegations to support either component of this claim. Plaintiff alleges that he suffered an adverse "reaction" on his leg, following his exposure to an inmate with scabies. At first, he thought it was scabies, and he sought medical treatment for the condition on August 1st. Defendant Krebs responded two days later. Although she disagreed with his assessment, she provided Plaintiff with an antifungal cream to treat the condition. Defendant Krebs was not mentioned in connection with this issue again. Plaintiff later complained of itchiness to a correctional officer on August 5th, and he was provided with hydrocortisone cream. This correctional officer was not identified by name and does not appear to be a defendant in this action. Although Plaintiff later concluded that the "reaction" resulted from his allergy to lanolin and not his exposure to scabies, no allegations suggest that the condition persisted. On these facts, it is unclear whether the "reaction" was even serious. However, the Court need not decide this issue because the allegations fail to demonstrate deliberate indifference on the part of Defendant Krebs, or anyone else. She met

with Plaintiff in response to his sick call request and promptly provided him with an ointment to treat the condition. This conduct certainly does not amount to deliberate indifference.

Accordingly, **Count 3** shall be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**Count 4 – Due Process Violation**

At this early stage, the Court cannot dismiss Plaintiff's Fourteenth Amendment due process claim (**Count 4**) against Defendant Johnson, Defendant Burton, and Unknown Defendant based on the events that allegedly transpired at the July 17th adjustment committee hearing. According to the allegations, these defendants refused Plaintiff's request to present a written statement, to submit other supporting documentation, or to call witnesses (p. 10).

Prison disciplinary hearings satisfy procedural due process requirements where an inmate is provided: (1) written notice of the charge against the prisoner twenty four (24) hours prior to the hearing; (2) the right to appear in person before an impartial body; (3) the right to call witnesses and to present physical/documentary evidence, but only when doing so will not unduly jeopardize the safety of the institution or correctional goals; and (4) a written statement of the reasons for the action taken against the prisoner. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974); *Cain v. Lane*, 857 F.2d 1139, 1145 (7th Cir. 1988).

Not only must the requirements of *Wolff* be satisfied, but the decision of the disciplinary hearing board must be supported by "some evidence." *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994). To determine whether this standard has been met, courts must determine whether the decision of the hearing board has some factual basis. *Webb v. Anderson*, 224 F.3d 649 (7th Cir. 2000). Even a meager amount of supporting evidence is sufficient to satisfy this inquiry. *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007).

Because the complaint at least suggests that Plaintiff was denied his right to due process at his adjustment committee hearing, he shall be allowed to proceed with **Count 4** against Defendant Johnson, Defendant Burton, and Unknown Defendant. Because no other defendants are mentioned in connection with this claim, Count 4 shall be dismissed against all remaining defendants.

**Count 5 – Unlawful Medical Charges**

The second amended complaint states no claim for unlawful medical charges (**Count 5**). Plaintiff takes issue with the fact that he was charged for hydrocortisone cream. However, an inmate's constitutional rights are not violated by the collection of a fee for prison medical or dental services. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012) ("the imposition of a modest fee for medical services, standing alone, does not violate the Constitution"). Plaintiff's reimbursement claim is a matter of state law, and is not cognizable in a § 1983 action. *Poole*, 703 F.3d at 1027. Therefore, should Plaintiff wish to pursue this matter further, he must do so in state court. **Count 5** shall be dismissed without prejudice.

**Exhibits**

In the second amended complaint, Plaintiff regularly refers to exhibits that he did not file with his proposed pleading. He should have done so. The Court is not required to sift through previously filed exhibits, and it did not do so in this case. As a result, these exhibits were not considered as part of the Court's preliminary review of Plaintiff's claims.

**Pending Motions**

Plaintiff's motion for service of process at government expense (Doc. 3) is hereby **GRANTED**, in part, with respect to Defendants **GODINEZ, GAETZ, BRADLEY, BURTON,**

**JOHNSON, HOLTON**, and, once discovered, **UNKNOWN DEFENDANT**. The motion is **DENIED**, in part, with respect to all remaining defendants.

Plaintiff's motion for recruitment of counsel (Doc. 4) shall be **REFERRED** to a United States Magistrate Judge for disposition.

Plaintiff's motion to grant lifting of stay (Doc. 14) is **DENIED as moot**. This action was never stayed.

As previously stated, Plaintiff's motion to amend/correct (Doc. 15) is **GRANTED**. The **CLERK** is **DIRECTED** to file the proposed pleading as Plaintiff's "Second Amended Complaint."

### Disposition

The **CLERK** is hereby **DIRECTED** to file the document entitled "Amended Complaint" as "Plaintiff's Second Amended Complaint."

**IT IS HEREBY ORDERED** that **COUNTS 3** and **5** are **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. Defendants **J. FALLERT, T. MURRAY, LISA KREBS, GREG SCHWARTZ,** and **MAJOR MOCABY** are **DISMISSED** without prejudice.

**AS TO COUNTS 1, 2,** and **4,** the Clerk of Court shall prepare for Defendants **GODINEZ, GAETZ, BRADLEY, BURTON, JOHNSON, HOLTON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect

formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on **UNKNOWN DEFENDANT** until such time as Plaintiff has identified this individual by name in a properly filed amended complaint. Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the name and service address for this individual.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 4) and discovery aimed at identifying Unknown Defendant.

Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 2, 2014**

s/ MICHAEL J. REAGAN<br>**U.S. District Judge**